UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

T.M.,

     Plaintiff,

v.

MICHIGAN DEPARTMENT OF
EDUCATION,

     Defendant.

_____/

No. 1:23-cv-00762-PLM-RSK

HON. PAUL L. MALONEY

MAG. RAY KENT

**BRIEF IN SUPPORT OF
DEFENDANT MICHIGAN
DEPARTMENT OF EDUCATION'S
MOTION TO DISMISS**

Elizabeth K. Abdnour (P78203)
Attorney for Plaintiff
ABDNOUR WEIKER, LLP
500 E. Michigan Ave., Ste. 130
Lansing, MI 48912
(517) 994-1776
liz@education-rights.com

Jacquelyn Babinski (P83575)
Attorney for Plaintiff
BARGER & GAINES
90 Noth Broadway
Irvington, NY 10533
(914) 902-5918
jacquelyn@bargergaines.com

Kathleen A. Halloran (P76453)
Kelly A. Carter (P56129)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
hallorank1@michigan.gov
carterk1@michigan.gov

**BRIEF IN SUPPORT OF DEFENDANT MICHIGAN DEPARTMENT OF
EDUCATION'S MOTION TO DISMISS**

Respectfully submitted,


Kathleen A. Halloran
Attorney for Defendant
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
P76453

Dated:  November 17, 2023

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents ................................................................................................. i

Index of Authorities .......................................................................................... ii

Concise Statement of Issues Presented ..................................................... vii

Controlling or Most Appropriate Authority ............................................. vii

Statement of Facts ............................................................................................ 2

Argument ............................................................................................................ 7

I.      Plaintiff failed to state a claim against MDE for which relief can be granted, and this case should be dismissed under Fed. R. Civ. P. 12(b)(6). ....................................................................................................... 7

    A.      Plaintiff fails to state a claim against MDE for a violation of the IDEA. ............................................................................................ 7

    B.      Plaintiff fails to state a claim against MDE for a violation of the ADA and the Rehabilitation Act. ........................................... 12

    C.      Plaintiff fails to state a claim for money damages under the IDEA. .......................................................................................... 15

    D.      Plaintiff fails to state a claim for injunctive relief. .............. 16

    E.      Plaintiff fails to state a claim for declaratory relief. ............ 16

II.     Plaintiff's claims are not ripe for judicial review and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) ............................ 17

III.    Eleventh Amendment immunity bars Plaintiff's PWDCRA and ADA claims against MDE ............................................................................ 19

Conclusion and Relief Requested ............................................................... 22

Certificate of Service ..................................................................................... 23

## INDEX OF AUTHORITIES

Page

**Cases**

*Adams v. Sch Bd of Anoka-Hennepin Indep Sch Dist No. 11*,
  No. 02-991, 2002 U.S. Dist. LEXIS 22444 (D. Minn. Nov. 18, 2002) .................. 10

*Anderson v. City of Blue Ash*,
  798 F.3d 338 (6th Cir. 2015) ........................................................................ 12, 13

*Armengau v. Cline*,
  7 Fed. App'x 336 (6th Cir. 2001) ............................................................................ 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................ 6, 12, 14, 16

*Babcock v. Michigan*,
  812 F.3d 531 (6th Cir. 2016) ........................................................................ 20, 21

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 7

*Bigelow v. Mich. Dep't of Natural Res.*,
  970 F.2d 154 (6th Cir. 1992) ............................................................................... 17

*Byler v. Air Methods Corp.*,
  823 Fed. App'x 356 (6th Cir. 2020) ..................................................................... 17

*C.L. v. Scarsdale Union Free School Dist.*,
  744 F.3d 826 (2d Cir. 2014) ................................................................................ 14

*Campbell v. Bd. of Educ. of Centerline Sch. Dist.*,
  58 F. App'x 162 (6th Cir. 2003) .......................................................................... 13

*Canton Bd of Ed v. NB ex rel MB*,
  343 F. Supp. 2d 123 (D Conn, 2004) ................................................................... 10

*Carnwath v. Grasmick*,
  115 F Supp 2d 577 (D. Md., 2000) ...................................................................... 10

*Carr v. Dep't of Pub Instruction*,
  No. 17-cv-413, 2018 U.S. Dist. LEXIS 28441 (W.D. Wis. Feb. 22, 2018) ............. 10

*Carten v. Kent State Univ.*,
    282 F.3d 391 (6th Cir. 2002) ............................................................. 19

*Cole v. Oroville Union High Sch. Dist.*,
    228 F.3d 1092 (9th Cir. 2000) ........................................................... 17

*Corey H. by Shirley P. v. Board of Educ.*,
    995 F. Supp. 900 (N.D. Ill. 1998) ........................................................ 8

*Doe v. Arizona Dep't of Educ.*,
    111 F.3d 678 (9th Cir. 1997) ............................................................... 8

*Fetto v. Sergi*,
    181 F. Supp. 2d 53 (D. Conn. 2001) .................................................... 8

*Gohl v. Livonia Pub. Schs.*,
    134 F. Supp. 3d 1066 (E.D. Mich. 2015) ............................................ 14

*Grace Cmty. Church v. Lenox Twp.*,
    544 F.3d 609 (6th Cir. 2008) ............................................................. 18

*Grand Trunk Western RR Co. v. Consol R Corp.*,
    746 F.2d 323 (6th Cir. 1984) ............................................................. 17

*Heather S by Kathy S v. Wisconsin*,
    125 F3d 1045 (CA 7, 1997) ............................................................... 11

*Horen v. Bd. of Educ.*,
    594 F. Supp. 2d 833 (N.D. Ohio 2009) .............................................. 15

*Insomnia, Inc. v. City of Memphis*,
    278 F. App'x 609 (6th Cir. 2008) ....................................................... 18

*J.M. v. Tenn Dep't of Ed.*,
    358 F. Supp. 3d 736 (M.D. Tenn., 2018) .............................................. 8

*Kalliope R. v. N.Y. State Dep't of Educ.*,
    827 F. Supp. 2d 130 (E.D.N.Y. 2010) ................................................... 8

*Ky. Press Ass'n, Inc. v. Ky.*,
    454 F.3d 505, 509 (6th Cir. 2006) ..................................................... 17

*Lawson v. Shelby Cnty., Tenn.*,
    211 F.3d 331 (6th Cir. 2000) ............................................................. 19

*Long v. Dawson Springs Indep. Sch. Dist.*,
    197 Fed. App'x 427 (6th Cir. 2006) ................................................... 15

*Lynch v. Leis,*
   382 F.3d 642 (6th Cir. 2004) ................................................................... 4

*Malkentzos v. DeBuono,*
   102 F.3d 50 (2nd Cir. 1996) ................................................................. 16

*Michigan Southern RR Co. v. Branch & St Joseph Counties Rail Users Ass'n Inc,*
   287 F.3d 568 (6th Cir. 2002) ................................................................... 6

*Moir v. Greater Cleveland Reg'l Transit Auth,*
   895 F.2d 266 (6th Cir. 1990) ................................................................... 6

*Monahan v. Nebraska,*
   687 F.2d 1164 (8th Cir. 1982) ............................................................... 14

*Moseley v. Bd. of Educ. of Albuquerque Pub. Schs,*
   483 F.3d 689 (10th Cir. 2007) ............................................................... 16

*Nichols v. Muskingum College,*
   318 F.3d 674 (6th Cir. 2003) ................................................................... 7

*Pachl v. Seagren,*
   453 F.3d 1064 (8th Cir. 2006) ........................................................... 8, 10

*Parrish v. Bentonville Sch Dist,*
   2017 U.S. Dist. LEXIS 41149 (WD Ark, Mar. 22, 2017) ..................... 11

*Pennhurst State School & Hosp v. Halderman,*
   465 U.S. 89 (1984) ............................................................................... 19

*Rodic v. Thistledown Racing Club, Inc.,*
   615 F.2d 736 (6th Cir. 1980) ................................................................... 4

*S.S. v. E. Ky. Univ.,*
   532 F. 3d 445 (6th Cir. 2008) ............................................................... 14

*Seminole Tribe of Florida v. Florida,*
   517 U.S. 44 (1996) ............................................................................... 19

*T.S. v. Indep. Sch. Dist. No. 54,*
   265 F.3d 1090 (10th Cir. 2001) ............................................................. 16

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007) ............................................................................... 4

*United States v. Georgia,*
546 U.S. 151 (2006) ........................................................................ 20

*YD v. NY City Dep't of Ed,*
2016 U.S. Dist. LEXIS 20776 (SDNY, Feb. 19, 2016) .......................... 11

**Statutes**

20 U.S.C. § 1401(26) ......................................................................... 2

20 U.S.C. § 1401(29) ......................................................................... 2

20 U.S.C. § 1401(9) ........................................................................... 2

20 U.S.C. § 1412 ................................................................................ 3

20 U.S.C. § 1412(a)(1) ....................................................................... 2

20 U.S.C. § 1412(a)(2) ....................................................................... 2

20 U.S.C. § 1412(a)(4) ....................................................................... 2

20 U.S.C. § 1413 ................................................................................ 3

20 U.S.C. § 1415 ............................................................................. 3, 4

20 U.S.C. § 1415(f)(C) ...................................................................... 15

20 U.S.C. § 1416 ............................................................................. 3, 7

28 U.S.C. § 2201(a) .......................................................................... 16

42 U.S.C. § 12132 ............................................................................ 12

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................... 1, 6, 19

Fed. R. Civ. P. 12(b)(6) ...................................................................... 1

Fed. R. Civ. P. 57 ............................................................................. 16

**Regulations**

Administrative Code R. 340.1724f .......................................................... 3

Mich. Admin. Code R. 340.1724f(2) ....................................................... 3

Mich. Admin. Code R. 340.1724f(6) ................................................................ 3

Mich. Admin. Code R. 340.1724f(7) ................................................................ 3

**Constitutional Provisions**

U.S. Const. amend. XI ................................................................................. 19

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Plaintiff fails to state a claim for violations of the IDEA, the ADA, or the Rehabilitation Act, or for money damages under the IDEA, or for injunctive or declaratory relief.  Her Complaint should accordingly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Plaintiff's claims are not ripe for judicial review and should be dismissed.

3. Eleventh Amendment immunity bars Plaintiff's PWDCRA and ADA claims.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

*Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992)

*Pennhurst State School & Hosp v. Halderman,* 465 U.S. 89, 99-101 (1984)

## INTRODUCTION

Plaintiff T.M. (Plaintiff) brings this suit against the Michigan Department of Education (MDE).  Plaintiff alleges that MDE violated the Individuals with Disabilities Act (IDEA), § 504 of the Rehabilitation Act (Rehabilitation Act), the Americans with Disabilities Act (ADA), and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA).

However, through conclusory statements, lists of statutes, and unfounded allegations, it is apparent that Plaintiff filed this action because she is dissatisfied with a due process decision by the Administrative Law Judge (ALJ) at the Michigan Office of Administrative Hearings (MOAHR) to dismiss her due process complaint against the Detroit Public Schools Community District (DPSCD).  The administrative hearing process provides Plaintiff with a remedy:  an appeal of the due process decision from MOAHR to the federal court.  Plaintiff's dissatisfaction with the decision in the administrative process does not give rise to a suit against MDE – which is clear because Plaintiff's Complaint is devoid of any allegations sufficient to prove Plaintiff's claims against MDE.  The Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim under the IDEA, the Rehabilitation Act, and the ADA, or for money damages under the IDEA, or injunctive or declaratory relief.  Pursuant to Fed. R. Civ. P. 12(b)(1) the case should be dismissed because the case is not ripe.  Further, MDE is protected by Eleventh Amendment immunity from Plaintiff's PWDCRA and ADA claims.  Thus, this case should be dismissed.

## STATEMENT OF FACTS

**MDE's Regulatory Background**

Plaintiff's claims are based primarily on requirements found in the IDEA to provide free appropriate public education (FAPE) in the least restrictive environment.  The IDEA provides federal money to assist states in educating children with disabilities.  To qualify for federal assistance, a state education agency (SEA) demonstrates in a federally approved plan that it has policies and procedures in effect assuring that all children with disabilities residing in the state have access to a free appropriate public education (FAPE) in the least restrictive environment tailored to the unique needs of each child by means of an individualized education program (IEP).  *See* 20 U.S.C. §§ 1412(a)(1), (2), (4).  The SEA in Michigan is MDE.

The IDEA defines FAPE to include "special education and related services." 20 U.S.C. § 1401(9).  "Special education" is "specially designed instruction, at no cost to parents, to meet the unique needs of a child with a disability[.]"  20 U.S.C. § 1401(29).  And "related services" are supportive services that "may be required to assist a child with a disability to benefit from special education[.]"  20 U.S.C. § 1401(26).

A local school education agency (LEA), is eligible for assistance under the IDEA on a fiscal-year basis if it submits a plan to the SEA that ensures, first, the LEA has policies, procedures, and programs in effect providing for the education of children with disabilities within its jurisdiction, consistent with the SEA's policies and procedures, and, second, assures the funds provided will be properly expended.

20 U.S.C. §§ 1412, 1413. Put more simply, the SEA manages and provides oversight to the system, and the LEA implements the plan providing the education directly to students. The SEA has only general supervisory and monitoring responsibilities under the IDEA. See 20 U.S.C. § 1416. In Michigan, there is an entity between the SEA and the local school districts that are the LEAs – the Intermediate School Districts (ISD). The ISDs ensure the provision of FAPE, and the local school districts provide it. MCL 381.1 *et seq.*

Under the IDEA, each SEA must also create and maintain procedures to ensure that children with disabilities and their parents have access to procedural safeguards with respect to the provision of FAPE, including the opportunity for any party to present a due process complaint relating to the identification, evaluation, or educational placement of the child, or the provision of FAPE. 20 U.S.C. § 1415. Michigan implements and maintains the due process requirements of the IDEA through the procedures set forth in Administrative Code R. 340.1724f. A due process complaint that is filed with MDE is referred to the administrative hearing system and the case is decided by an independent hearing officer (ALJ) that is housed at the Michigan Department of Licensing and Regulatory Affairs (LARA). Decisions of the ALJs are subject to review and appeal in federal court. Mich. Admin. Code R. 340.1724f(2),(6), and (7).

**Plaintiff T.M.**

Plaintiff graduated from DPSCD in June 2022. (Complaint, PageID.7, ¶ 39.) While Plaintiff was a student there, she had an IEP as a result of her alleged

3

disabilities.  (*Id.* at ¶41.)  DPSCD was responsible for providing FAPE to Plaintiff. 20 U.S.C. § 1415.  Plaintiff alleges that this did not happen.  As a result of those allegations, Plaintiff filed a due process complaint against DPSCD and that complaint was referred to MOAHR.

While Plaintiff waited for her decision from the ALJ regarding her due process Complaint against DPSCD, she filed a second due process complaint against MDE.  (Complaint, PageID.14, ¶85.)  This complaint alleged that MDE failed to ensure that the due process hearing was completed within the correct timelines. (*Id.*)  The ALJ dismissed the complaint against MDE for lack of jurisdiction. (Complaint, PageID.14, ¶88.)  This decision was not appealed by Plaintiff.

The decision from the ALJ in the first due process Complaint against DPSCD was issued in January 2023.  (*Id.* at PageID.8, ¶45.)  The ALJ dismissed Plaintiff's due process complaint.  (Exhibit 1, Due Process Complaint Decision January 13, 2023.)[1]  Ultimately, Plaintiff disagreed with the ALJ's dismissal of the due process

---

[1] As set forth in the Standard of Review, *infra*, the Court can properly consider the additional exhibits MDE attaches for purposes of this motion because the Complaint expressly references the ALJ decision, and even quotes from such, and the exhibit forms the basis for the Plaintiff's claims.  *Armengau v. Cline*, 7 Fed. App'x 336, 344 (6th Cir. 2001).  The Court may also take judicial notice of other court's records.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) ("as they are court records, this court may take judicial notice of them"); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record.").

complaint against DPSCD.  As is Plaintiff's right, she filed an appeal of that decision to the U.S. Circuit Court for the Eastern District of Michigan (Case No.2:23-cv-10852).  (*Id.* at ¶47.)  That appeal is pending and is separate from the instant case.  (*Id.*)

Plaintiff's disagreement with the January 2023 decision also led Plaintiff to file another due process complaint against MDE.  (Complaint, PageID.16, ¶103.) The second due process complaint against MDE alleged that the ALJ did not possess knowledge of or the ability to understand the appropriate provisions of the law and that the ALJ did not possess the knowledge and ability to write decisions in accordance with appropriate, standard legal practice.  (*Id.*)  Since MOAHR lacked jurisdiction to hear these claims, the ALJ dismissed that complaint.  (*Id.* at ¶105.) That order dismissing the complaint was not appealed.  Instead, Plaintiff filed the instant complaint, making these same allegations.

Currently, there are two actions pending to address Plaintiff's perceived failures in the underlying decision ruling that the LEA did not deny FAPE to Plaintiff:  this action against MDE and the action appealing the January 2023 decision, which is against the school district DPSCD.  This action, against MDE as the SEA, asserts 4 claims:  (1) violations of IDEA (Complaint, PageID.17-18, at ¶¶ 112-119), (2) violations of Section 504 of the Rehabilitation Act (*id.* at PageID.18-20, ¶¶ 120-128), (3) violations of the Americans with Disabilities Act (*id.* at PageID.20-21, ¶¶ 129-135), and (4) violations of the Michigan Persons with Disabilities Civil

Rights Act (*id.* at PageID.21-22, ¶¶ 136-145.)  As described below, all of these claims are subject to dismissal.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "plausibility" review is "a context-specific task" requiring the reviewing court to determine if the plaintiff has not just "alleged," but pleaded facts sufficient to "show[]" an entitlement to relief that is actually plausible, and not merely "conceivable" or "possible." *Id.* at 679-80.  "[F]acts that are merely consistent with a defendant's liability" are not enough. *Id.* at 678.  And, in making this assessment, courts are only to consider facts that are truly well pleaded; they are not to take as true "legal conclusions," including when "couched as a factual allegation," nor "mere conclusory statements" or "naked assertions devoid of further factual enhancement." *Id.* at 678–79.

Rule 12(b)(1) allows dismissal for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1).  Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or in a motion.  Fed. R. Civ. P. 12(b)(1).  "Where subject matter jurisdiction is challenged, the plaintiff has the burden of providing jurisdiction in order to survive the motion." *Michigan Southern RR Co. v. Branch & St Joseph Counties Rail Users Ass'n Inc*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth*, 895 F.2d 266, 269 (6th Cir. 1990)). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the

pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

## ARGUMENT

### I. Plaintiff failed to state a claim against MDE for which relief can be granted, and this case should be dismissed under Fed. R. Civ. P. 12(b)(6).

In order to survive a motion to dismiss, the complaint must offer more than "a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Here, Plaintiff failed to do so for the claims under the IDEA, the ADA, and the Rehabilitation Act. Further, Plaintiff failed to state a claim for the relief requested. Thus, Plaintiff's claims fail and the Complaint should be dismissed.

### A. Plaintiff fails to state a claim against MDE for a violation of the IDEA.

Count I fails to state a claim on which relief can be granted because Plaintiff's allegations do not meet *Iqbal's* pleading standard. Generally, an SEA has only general supervisory and monitoring responsibilities under the IDEA. *See* 20 U.S.C. § 1416. The IDEA is silent as to the causes of action an individual may bring against the SEA as it relates to these supervisory responsibilities. However, courts have limited suits against the SEA to those where the SEA's action or failures led to the denial of the student's FAPE. *See Pachl v. Seagren*, 453 F.3d 1064, 1070 (8th

7

Cir. 2006); *J.M. v. Tenn Dep't of Ed.*, 358 F. Supp. 3d 736, 748 (M.D. Tenn., 2018). For example, a SEA may be a proper defendant in a lawsuit that challenges a systemic violation of the IDEA where that systemic failure leads to a denial of FAPE. *See e.g.*, *Kalliope R. v. N.Y. State Dep't of Educ.*, 827 F. Supp. 2d 130, 141 n.3 (E.D.N.Y. 2010); *Fetto v. Sergi*, 181 F. Supp. 2d 53, 72 (D. Conn. 2001); *Corey H. by Shirley P. v. Board of Educ.*, 995 F. Supp. 900, 913 (N.D. Ill. 1998). A claim is systemic if it "implicates the integrity or reliability of the IDEA dispute resolution procedures" or "requires restructuring the education system itself." *Doe v. Arizona Dep't of Educ.,* 111 F.3d 678, 682 (9th Cir. 1997). A claim is not systemic if it "involves only a substantive claim having to do with limited components of a program, and if the administrative process is capable of correcting the problem." *Id*. Here, Plaintiff has failed to plead that the actions of MDE were a systemic failure that led to the alleged denial of Plaintiff's FAPE.

The limited allegations provided by Plaintiff fall into two categories: that MDE failed to properly train the hearing officers in the relevant substantive areas of law, (Complaint; PageID. 17, 18, ¶¶116-117), and that that MDE failed to sufficiently staff the number of ALJs to ensure timelines of decisions under the IDEA. (*Id*. at ¶118.) The first category of allegations – that MDE failed to train its staff regarding the relevant law – fails. Plaintiff alleges that the ALJ assigned to the case at MOAHR inappropriately analyzed an issue before the court. (*Id*. at ¶ PageID.11, ¶¶64-66.) Effectively, what Plaintiff proffers is that because Plaintiff did not prevail at the administrative hearing, MDE failed to supervise the hearing

process.  However, MDE has met its supervisory and managing responsibilities regarding a student's right to a hearing by creating and managing the due process hearing system for special education cases.  In fact, Plaintiff's actions show that MDE's process is working – Plaintiff filed a due process complaint, Plaintiff had a hearing with an ALJ at MOAHR regarding her complaint, and a decision was issued.  Plaintiff did not agree with the ALJ's decision and appealed it to the U.S. District Court for the Eastern District of Michigan where the appeal to review the substantive issue and the record is pending.  (*Id*. at PageID.12, ¶72.)  Plaintiff's dissatisfaction with the ALJ's analysis already has a remedy – to pursue the appeal, not to file a baseless claim against MDE.  A possible incorrect analysis by one ALJ is not a widespread systemic failure of MDE to implement and follow the IDEA. Thus, Plaintiff failed to plead any actual violations of the IDEA regarding the hearing process.

Not only does Plaintiff fail to plead facts that indicate a systemic failure on MDE's part, Plaintiff fails to plead any facts as a matter of law to support the IDEA claim.  The current order from the ALJ is that Plaintiff was not denied FAPE.  (Ex. 1, p 20.)  Since the ALJ's finding is that DPSCD has not denied Plaintiff FAPE, then MDE as the SEA cannot be found to have denied Plaintiff FAPE.  If Plaintiff disagrees with that finding of the ALJ, then the proper course is to pursue the appeal, not to bring a separate suit against MDE.

Several courts have dismissed similar claims under the IDEA where the allegations were about an ALJ's knowledge, practice, skill, or training.  *See e.g.*,

*Carnwath v. Grasmick*, 115 F Supp 2d 577, 582-83 (D. Md., 2000) (finding that knowledge and competence claims must be dismissed because there is no federal right to a competent or knowledgeable ALJ); *Adams v. Sch Bd of Anoka-Hennepin Indep Sch Dist No. 11*, No. 02-991, 2002 U.S. Dist. LEXIS 22444 (D. Minn. Nov. 18, 2002) (holding that Plaintiff needed to show a systemic problem with the SEA's dispute resolution system, and that allegations of untrained ALJs was insufficient to support a claim); *Pachl v. Seagren*, 453 F.3d 1064, 210 Educ. L. Rep. 940 (8th Cir. 2006) (finding that allegations relating to a hearing officer did not show that the SEA neglected its duties to ensure that IDEA requirements are met); *Carr v. Dep't of Pub Instruction*, No. 17-cv-413, 2018 U.S. Dist. LEXIS 28441 (W.D. Wis. Feb. 22, 2018) (dismissing a lawsuit against the SEA for failure to state a claim where Plaintiff alleged that the ALJ was not impartial); *Canton Bd of Ed v. NB ex rel MB*, 343 F. Supp. 2d 123, 128-29 (D Conn, 2004) (finding that allegations of the SEA's failure to train ALJs was not the result of a systemic failure where the allegations were limited to one ALJ for one student).  Like these other cases, this Court should find that Plaintiff has failed to state a claim under the IDEA by making broad conclusory statements about the ALJ's training.

Plaintiff's second allegation under the IDEA claim is that MDE failed to contract for a sufficient number of hearing officers to ensure the timely resolution of disputes.  (Complaint, PageId.18, ¶116.)  Plaintiff makes broad conclusory statements about the timeliness of the decision.  (*Id.* at ¶¶116, 118.)

Here, Plaintiff either stipulated to or requested adjournments that did cause a delay.  (Ex. 1, pp 1-2.)  First, the parties mutually requested an adjournment of the due process hearing from April 29, 2021 to August 2021 so they could attend mediation.  Second, in July 2021, Plaintiff filed a motion to adjourn the hearing.  Third, at a status conference in July 2021, Plaintiff requested more time to complete an evaluation.  Fourth, at a status conference in August 2021, the parties requested to move the hearing to October 2021.  Fifth, the parties stipulated to adjourn the October 2021 hearing.  Sixth, two weeks before the hearing scheduled for January 2022, DPSCD's counsel passed away.  Seventh, at a status conference in January 2022, the parties asked to move the hearing to April 2022.  Eighth, after the hearing was concluded the parties requested to submit post-hearing briefs and then later requested that the parties be allowed additional time to submit the briefs.  The final brief was submitted in August 2022- four months after the hearing.  (*Id.*)

It is conclusory for Plaintiff to plead that the number of ALJs staffed contributed to the timeliness of the decision – especially when Plaintiff's action demonstrate that they requested more time on at least eight occasions.  Other districts have dismissed IDEA claims against the SEA for ALJ timeliness.  *See e.g.*, *Heather S by Kathy S v. Wisconsin*, 125 F3d 1045, 1059 (CA 7, 1997); *YD v. NY City Dep't of Ed*, 2016 U.S. Dist. LEXIS 20776, at *17-18 (SDNY, Feb. 19, 2016), *Parrish v. Bentonville Sch Dist*, 2017 U.S. Dist. LEXIS 41149, at *121 (WD Ark, Mar. 22, 2017).  This Court should dismiss Plaintiff's timeliness claim as well.

Thus, Plaintiff's dissatisfaction with the due process decision of the ALJ does not amount to a systemic violation of the IDEA.  Plaintiff's conclusory statements are not sufficient to survive a Rule 12(b)(6) motion.  *Iqbal*, 556 U.S. at 678-79. Count I must be rejected.

**B.      Plaintiff fails to state a claim against MDE for a violation of the ADA and the Rehabilitation Act.**

Count III of the Complaint alleges violations of Title II of the ADA and Count II alleges violations of Section 504 of the Rehabilitation Act.  Plaintiff makes broad conclusory statements about MDE "discriminating against Plaintiff" (Complaint, PageID. 19 ¶126, PageID.20, ¶134) without specifying the acts of MDE.  These allegations fail to meet the *Iqbal* pleading standard.

Regarding Plaintiff's claims in Court III, Title II of the ADA addresses public services provided by governmental entities:

> Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  42 U.S.C. § 12132.

To establish a violation of Title II, a Plaintiff has the burden to demonstrate that: 1) they are disabled; 2) that they are otherwise qualified; and 3) that they were excluded from participation in, denied benefits of, or subjected to discrimination under a program because of their disability.  *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

Additionally, Plaintiff must allege and that MDE "took action because of [Plaintiff's] disability, i.e., the [p]laintiff must present evidence that animus against the protected group was a significant factor in the position taken [by defendants.]" *Id*. (quotation marks and citations omitted).  Here, Plaintiff's Complaint fails to allege the necessary elements of a Title II claim against MDE.  The thrust of Plaintiff's ADA argument is that MDE did not ensure training at MOAHR or a timely decision.  Thus, Plaintiff does not allege that they were denied access to services due to disability as required under the ADA, but rather that they disagree with the ALJ's decision, which is insufficient to state a claim under Title II. Plaintiff was able to have her due process hearing, but simply did not prevail.

Further, Plaintiff fails to properly plead any discriminatory animus on the part of the MDE, which is fatal to their claim under Title II.  Plaintiff must allege that MDE acted in bad faith or with gross misjudgment to prove that MDE's failure to provide a child with FAPE was discriminatory.  *See Campbell v. Bd. of Educ. of Centerline Sch. Dist.*, 58 F. App'x 162, 167 (6th Cir. 2003).  However, Plaintiff fails to do so and alleges that MDE denied Plaintiff "access to equal educational opportunities" and "excluded [them] from participating in . . . services, programs, and activities."  (Complaint, PageID.20 ¶133.)  These statements are vague and allege no bad faith or gross misjudgment.  The facts as alleged by Plaintiff show no bad faith or gross misjudgment since Plaintiff is still offered a remedy:  the opportunity to file the appeal with the federal district court to have the decision of

the ALJ reviewed. The allegations are therefore insufficient to state a claim under Title II. *See Iqbal*, 556 U.S. at 678-81.

In Count II of the Complaint, Plaintiff alleges a violation of § 504 of the Rehabilitation Act. Claims brought under Title II and § 504 are often analyzed in the same fashion because they require similar elements. *Gohl v. Livonia Pub. Schs.*, 134 F. Supp. 3d 1066, 1074 (E.D. Mich. 2015) (citing *S.S. v. E. Ky. Univ.*, 532 F. 3d 445, 452-453 (6th Cir. 2008)). Thus, for the same reasons Plaintiff fails to state a claim against MDE under the ADA, Plaintiff's claim under the Rehabilitation Act against MDE also fails. To state a claim under the Rehabilitation Act, Plaintiff must allege facts showing that the alleged wrongful conduct was *solely* based on disabilities. A mixed motive is insufficient to establish a claim under the Rehabilitation Act. *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)); *see also C.L. v. Scarsdale Union Free School Dist.*, 744 F.3d 826 (2d Cir. 2014) ("evidence of bad faith or deliberate indifference [is] required to establish a Rehabilitation Act claim.")

Here, Plaintiff alleges that MDE "intentionally discriminated against Plaintiff in violation of Section 504 by failing to ensure timeliness and training provisions of the IDEA were complied with, resulting in a denial of FAPE." (Complaint, PageID.19, ¶126.) Plaintiff cannot, and does not, claim that MDE failed to provide proper supervision and oversight of ALJ training and timeliness *solely* because Plaintiff is alleged to be disabled. Accordingly, the requisite discriminatory animus does not exist, and this claim fails as a matter of law.

14

**C.    Plaintiff fails to state a claim for money damages under the IDEA.**

Plaintiff's request for money damages under the IDEA must be dismissed. The Plaintiff's requested relief seeks "a compensatory education fund" and "compensatory damages in a supplemental needs trust" for emotional damages and loss of education.  (Complaint, PageID. 22-23, ¶¶ 3.a, 3.d.)  While the Complaint is not specific as to whether such relief is sought under the IDEA, it is accepted that such relief is not available under the IDEA.  "No monetary damages may be awarded to the plaintiff in [a] case under the IDEA."  *Long v. Dawson Springs Indep. Sch. Dist.*, 197 Fed. App'x 427, 432 (6th Cir. 2006).  *See also Horen v. Bd. of Educ.*, 594 F. Supp. 2d 833, 845 (N.D. Ohio 2009) ("…[R]equest for general compensatory and punitive damages is untenable because such damages are not available under the IDEA.") (internal quotation marks omitted).  *If* this case proceeds, and *if* there is a determination of a violation under the IDEA, then the Plaintiff's request for "compensatory education" is the only proper relief that this Court could award under the IDEA.  In addition, the IDEA's plain language precludes the Plaintiff from seeking any relief for purported violations occurring "more than 2 years before the date the parent . . . knew or should have known about the alleged action that forms the basis of the complaint[.]"  20 U.S.C. § 1415(f)(C).  Thus, any and all claims for general money damages of any type under the IDEA must be dismissed.

15

### D.     Plaintiff fails to state a claim for injunctive relief.

Plaintiff requests injunctive relief, (Complaint, PageID.22, ¶2), but fails to sufficiently state a claim for that relief.  The remedy of injunctive relief is no longer available once a student graduates, and "any claim that a FAPE was deficient becomes moot."  *T.S. v. Indep. Sch. Dist. No. 54*, 265 F.3d 1090, 1092 (10th Cir. 2001); *see also, e.g., Moseley v. Bd. of Educ. of Albuquerque Pub. Schs*, 483 F.3d 689, 692-93 (10th Cir. 2007) (holding a student's graduation mooted IDEA claims for declaratory and injunctive relief); *Malkentzos v. DeBuono*, 102 F.3d 50, 55 (2nd Cir. 1996) ("The fact that [appellant] is no longer eligible to receive early intervention services renders moot the appellants' challenge" to lower court order requiring provision of weekly educational services and reimbursement of "prospective expenditures" incurred in providing those services.).  Here, Plaintiff graduated high school in June 2022.  (Complaint, PageID.7, ¶39.)  Any request for injunctive relief as to Plaintiff's education is moot because she is no longer enrolled in school. Plaintiff would not benefit from any change to policy or procedure put in place by MDE.  Therefore, Plaintiff's request for injunctive relief cannot survive.

### E.     Plaintiff fails to state a claim for declaratory relief.

Courts may only issue declaratory relief where an actual controversy exists. 28 U.S.C. § 2201(a) (emphasis added); *see also* Fed. R. Civ. P. 57.  Here, for the reasons stated above, there is no actual controversy between Plaintiff and MDE, as Plaintiff's allegations are "conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.  In addition, as noted above, Plaintiff has graduated, which bars

declaratory relief.  *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000) ("It is well-settled that once a student graduates, he no longer has a live case or controversy justifying declaratory or injunctive relief against a school's action or policy.").

Courts must also examine several factors when determining whether to issue declaratory relief.  *Grand Trunk Western RR Co. v. Consol R Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *Byler v. Air Methods Corp.*, 823 Fed. App'x 356, 365 (6th Cir. 2020).  These factors do not favor issuing declaratory relief.  For example, because there is no controversy between Plaintiff and MDE, a declaratory judgment is unwarranted.  *See Grand Trunk Western RR Co.*, 746 F.2d at 326.  In addition, under another factor, there is also an alternative remedy for of which Plaintiff can avail herself—the appeal of the ALJ decision.  *Id.*

## II.   Plaintiff's claims are not ripe for judicial review and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

The ripeness doctrine requires that the jurisdiction of the federal courts be limited to actual cases and controversies.  *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992).  The doctrine is "designed 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'"  *Ky. Press Ass'n, Inc. v. Ky.*, 454 F.3d 505, 509 (6th Cir. 2006) (citation omitted).

Generally, ripeness is analyzed according to three factors:  (1) the likelihood of the alleged harm; (2) the sufficiency of the factual record "to produce a fair

adjudication of the merits of the parties' respective claims"; and (3) the resulting "hardship to the parties if judicial relief is denied at this stage in the proceedings." *Grace Cmty. Church v. Lenox Twp.*, 544 F.3d 609, 615 (6th Cir. 2008) (quoting *Insomnia, Inc. v. City of Memphis*, 278 F. App'x 609, 612 (6th Cir. 2008)).

On the facts pled, Plaintiff does not meet any of the factors required to demonstrate ripeness. This case should be dismissed for lack of ripeness because it was already determined by the ALJ that Plaintiff has not been denied FAPE. (Ex. 1, p 20.) Thus, the SEA who has the supervisory role of the education system cannot be determined to have denied Plaintiff FAPE. Plaintiff's remedy is the pending appeal of the due process decision in the Eastern District, and that process should be finalized.

Turning to the first factor, there is no harm to Plaintiff if this case is dismissed because Plaintiff still has the remedy afforded to her by the IDEA – the appeal process of her ALJ decision. Second, Plaintiff has failed to plead any facts to allege that she has suffered any harm because of MDE's actions. As noted above, Plaintiff has failed to plead that there is a systemic failure under the IDEA regarding the hearing process and that the process is somehow discriminatory. An ALJ has already found that she has not been denied FAPE. Third, a dismissal will not cause harm to Plaintiff for the reasons already stated. However, if this case is not dismissed, then it could lead to two conflicting decisions: the Eastern District Court upholding the ALJ's decision to dismiss Plaintiff's due process complaint regarding her FAPE, and this Court issuing a remedy to Plaintiff because of MDE's

18

administration and oversight of that same ALJ decision.  Thus, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## III.  Eleventh Amendment immunity bars Plaintiff's PWDCRA and ADA claims against MDE.

The Eleventh Amendment provides states and their agencies immunity from suit by private citizens in federal courts.  U.S. Const. amend. XI; *Lawson v. Shelby Cnty., Tenn.*, 211 F.3d 331, 334 (6th Cir. 2000).  The Eleventh Amendment bars this Court's jurisdiction over claims against the State of Michigan, whatever the nature of the relief requested unless expressly waived by either Congress or the State. *Pennhurst State School & Hosp v. Halderman,* 465 U.S. 89, 99-101 (1984); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44 (1996); *Carten v. Kent State Univ.*, 282 F.3d 391, 397 (6th Cir. 2002).  Here, MDE has not waived sovereign immunity for any of Plaintiff's state-law claims or Plaintiff's federal claims.

As for Plaintiff's state claim under the PWDCRA, the Supreme Court held that a plaintiff may not pursue a state law claim in federal court against a state agency or department.  *Pennhurst,* 465 U.S. at 106.  *Pennhurst* also holds that the doctrine of pendent jurisdiction does not override the Eleventh Amendment.  *Id.* Since the State of Michigan and MDE have not waived its Eleventh Amendment immunity here, Plaintiff cannot maintain a cause of action under the PWDCRA (*i.e.,* state law) in federal court.  This Court should dismiss Plaintiff's PWDCRA claims in Count IV.

As for the federal ADA claims, the general rule is that Congress abrogated Eleventh Amendment immunity under the ADA, but that abrogation is not unlimited. *Babcock v. Michigan*, 812 F.3d 531, 534 (6th Cir. 2016). Rather, courts must determine, on a claim-by-claim basis, (1) which aspects of the state's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid. *United States v. Georgia*, 546 U.S. 151, 159 (2006).

Under the first prong of *Georgia*, the Plaintiff must identify conduct that violates the ADA. *Babcock v. Michigan*, 812 F.3d 531, 538 (2016). Here, Plaintiff failed to do that. Plaintiff asserts generally that MDE violated the ADA by "…denying [Plaintiff] access to equal educational opportunities afforded to students with disabilities' excluding her from participation in and denying her the benefits of the LEA and SEA's services, programs and activities; and subjecting her to discrimination". (Complaint, Page.ID.20, ¶133.) The only other allegation Plaintiff asserts regarding the ADA claim is that "MDE otherwise intentionally discriminated against Plaintiff." (*Id*. at ¶134.) For Plaintiff, it is not that she was denied access to services administered by MDE; rather, Plaintiff disagrees with the decision of the ALJ. Nowhere in the Complaint does it allege that Plaintiff was denied services, programs, or activities because of her disability except where Plaintiff makes broad conclusory statements.

For the reasons stated more fully above in Argument I and B, Plaintiff has failed to plead sufficient facts necessary to state a claim under Title II of the ADA. Because Plaintiff has failed to show that Plaintiff was denied access to services, programs, or activities due to disability, and failed to allege the necessary elements of a Title II claim, Plaintiff cannot show that MDE's alleged conduct violated Title II of the ADA under the *Georgia* test.  Accordingly, Plaintiff's claim under Title II of the ADA is barred by the Eleventh Amendment.  *Babcock*, 812 F.3d at 5.

## CONCLUSION AND RELIEF REQUESTED

Plaintiff has failed to state a claim for violations of the IDEA, the ADA, the

Rehabilitation Act, money damages under the IDEA, injunctive relief, and

declaratory relief.  Eleventh Amendment immunity bars Plaintiff's PWDCRA and

ADA claims against MDE.

Accordingly, MDE respectfully request this Court dismiss Plaintiff's

Complaint.

Respectfully submitted,

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran
Attorney for Defendant
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
P76453

Dated:  November 17, 2023

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of W.D. Mich. LCivR 7.2(b)(i) because,

excluding the parts exempted by W.D. Mich. LCivR 7.2(b)(i), it contains 5,360

words.  The word count was generated using Microsoft Word 2016.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2023, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which will provide

electronic copies to counsel of record.

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran
Attorney for Defendant
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
P76453