UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

T.M.,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF EDUCATION,

    Defendant.

No. 1:23-cv-00762-PLM-RSK

HON. PAUL L. MALONEY

MAG. RAY KENT

**DEFENDANT MICHIGAN DEPARTMENT OF EDUCATION'S REPLY IN SUPPORT OF MOTION TO DISMISS**

_____/

Elizabeth K. Abdnour (P78203)
Attorney for Plaintiff
ABDNOUR WEIKER, LLP
500 E. Michigan Ave., Ste. 130
Lansing, MI 48912
(517) 994-1776
liz@education-rights.com

Jacquelyn Babinski (P83575)
Attorney for Plaintiff
BARGER & GAINES
90 Noth Broadway
Irvington, NY 10533
(914) 902-5918
jacquelyn@bargergaines.com

Kathleen A. Halloran (P76453)
Kelly A. Carter (P56129)
Attorneys for Defendant
Michigan Department of
Attorney General
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hallorank1@michigan.gov
carterk1@michigan.gov

**DEFENDANT MICHIGAN DEPARTMENT OF EDUCATION'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

**I.    Plaintiff's Complaint is premature as it is not ripe.**

Plaintiff's Complaint does not meet the three factors for ripeness and should be dismissed. *Grace Cmty. Church v. Lenox Twp.*, 544 F.3d 609, 615 (6th Cir. 2008)

(providing that the three factors for ripeness are: (1) the likelihood of the alleged harm; (2) the sufficiency of the factual record to produce a fair adjudication of the merits; and (3) the resulting hardship to the parties if judicial relief is denied.)

In her response, Plaintiff relies on *Doster v. Kendall*, 615 F. Supp. 3d 741 (S.D. Ohio, 2022) to argue that the second factor regarding sufficiency for ripeness has been met. (Response, ECF No. 11, PageID.167-68.) However, *Doster* is inapplicable here. That case is about an injunction for COVID-19 vaccination requirements for military personnel and involved religious exemptions and declarations submitted to the Court for review. That is not the factual situation we have in this matter. *Doster* is unhelpful to the discussion of the second factor in this case because all that Plaintiff provided here is a Complaint that is devoid of any facts showing that Plaintiff suffered any harm because of MDE's actions. Plaintiff merely makes conclusory statements that MDE "failed to properly oversee and train MOAHR staff." (Response, PageID.168.)

Here, none of the factors for ripeness are met and the case should be dismissed. The ALJ already determined after a due process hearing that Plaintiff has not been denied FAPE. (ECF No. 9-2, PageID.72-94.) As discussed previously, if this case is not dismissed, then it could lead to two conflicting decisions: the Eastern District Court upholding the ALJ's decision to dismiss Plaintiff's due process complaint regarding her FAPE, and this Court issuing a remedy to Plaintiff because of MDE's administration and oversight of that same ALJ decision. Thus, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

ripeness because there is already a decision that Plaintiff has not been denied FAPE by the local district. And without such a change to that determination, MDE who has the general supervisory role of the education system cannot be determined to have denied FAPE.

## II.     Plaintiff's IDEA claim fails.

Plaintiff incorrectly argues in her response that *Traverse Bay Area Intermediate Sch Dist v. Mich Dep't of Ed*, 615 F.3d 622 (6th Cir. 2010) gives parents a carte blanche right to sue the SEA (here, MDE) under the IDEA. *Traverse Bay* has a limited holding – that the IDEA does not provide local school districts with an express or implied right to compel SEA compliance with the IDEA procedural safeguards absent an underlying claim that directly involves a disabled child's IEP. *Id*. at 631. That holding is inapplicable here as it is not the local district that is bringing the Complaint.

The IDEA is silent on any cause of action that an individual may bring against the SEA as it relates to the enumerated supervisory responsibilities. Nor has there been a definitive ruling within the Sixth Circuit on this issue. However, several other districts have established that an SEA may only be a proper defendant in a lawsuit that challenges a systemic violation of the IDEA where that systemic failure leads to a denial of FAPE. (Brief in Support of Motion to Dismiss, ECF No. 9, PageID.54.)

Here, the Complaint and Plaintiff's Response to MDE's Motion to Dismiss does not allege that a denial of FAPE or any other violation of the IDEA was caused

3

by, or otherwise attributable to MDE. There is no systemic failure that is pled. As an SEA, MDE has only general supervisory and monitoring responsibilities under the IDEA. See, 20 U.S.C. § 1416. Here, MDE has met its supervisory and managing responsibilities regarding a student's right to a hearing by creating and managing the due process hearing system for special education cases. Plaintiff's actions show that MDE's process is working – Plaintiff filed a due process complaint, Plaintiff had a hearing with an ALJ at MOAHR regarding her complaint, and a decision was issued. Plaintiff has now appealed that decision to federal court, and the appeal is pending. Plaintiff's conclusory statements are not enough to state a claim under the IDEA and the Complaint should be dismissed.

### III. Plaintiff's Rehabilitation Act and ADA claims fail.

Under the Rehabilitation Act, Plaintiff must allege facts showing that the alleged wrongful conduct was solely based on disabilities. Under the ADA, Plaintiff must also allege that MDE acted in bad faith or with gross misjudgment to prove that MDE's failure to provide a child with FAPE was discriminatory. See *Campbell v. Bd. of Educ. of Centerline Sch. Dist.*, 58 F. App'x 162, 167 (6th Cir. 2003).

Plaintiff's response is unclear but seems to contend that *Campbell* does not apply and Plaintiff is not required to plead the well-established standard of discriminatory animus. (Response, PageID.162.) Plaintiff relies on *Howell v. Waterford Public Schools*, 731 F. Supp. 1314 (E.D. Mich. 1990) to incorrectly argue that the well-established standard that Plaintiff must plead for ADA and Rehabilitation Act claims is inapplicable. *Howell* is over thirty-years old and there

4

are several intervening Sixth Circuit Cases that confirm that discriminatory animus is required to be pled by Plaintiff in this case. See *e.g. Anderson v. City of Blue Ash,* 798 F.3d 338, 357 (6th Cir. 2015), *Campbell*, 58 F. App'x at 167. Here, Plaintiff's Complaint contains no allegations to support a claim that MDE acted in bad faith or exercised gross misjudgment. Instead, Plaintiff simply disagrees with the ALJ's decision in the due process claim, which is insufficient to state a claim under the Rehabilitation Act or the ADA. Therefore, Plaintiff has failed to state a claim and the Rehab Act and ADA claims fail and should be dismissed.

### IV. MDE is immune from the from Plaintiff's ADA and PWDCRA claims.

The Eleventh Amendment provides states and their agencies immunity from suit by private citizens in federal courts. U.S. Const. amend. XI; *Lawson v. Shelby Cnty.*, Tenn., 211 F.3d 331, 334 (6th Cir. 2000). This immunity is extended to claims asserted against government officials working in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Supreme Court has recognized only three exceptions to this rule: (1) congressional abrogation, *id.* at 66; (2) express consent or waiver by the State, *Pennhurst State School & Hosp v. Halderman*, 465 U.S. 89, 99-101 (1984); and (3) official capacity suits for prospective equitable relief based on ongoing violations of federal law, *Ex parte Young*, 209 U.S. 123 (1908). See also, *Lawson*, 211 F.3d at 334–35.

As Plaintiff brings her ADA and PWDCRA claims against the State, MDE, a state agency, the Eleventh Amendment bars her claims unless an exception applies. This also applies for any potential government officials in their official capacity.

As to the federal ADA claim, none of the three exceptions apply. Plaintiff failed to argue otherwise in her response. First, Plaintiff does not dispute that MDE has not waived sovereign immunity for any of Plaintiff's claims. Second, Plaintiff has not named any individuals in their official capacity and should not be permitted to do so. Official capacity suits are for prospective equitable relief based on ongoing violations. Here, Plaintiff graduated from high school and is not enrolled in any public school and is therefore not entitled to injunctive or declaratory relief. (See Brief in Support of Motion to Dismiss, ECF No. 9, PageID. 62.) A possible harm that occurred in the past "does nothing to establish a real and immediate threat that" it will occur in the future, as is required for injunctive relief. *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (citation omitted).

Third, Plaintiff has failed to allege that there is congressional abrogation in this matter. *United States v. Georgia*, 546 U.S. 151, 159 (2006). The Complaint simply fails to identify which aspects, if any, of the MDE's alleged conduct violated the ADA. Plaintiff has not included any specific instances where MDE denied access to services and programming or failed to provide a due process hearing. Nor has Plaintiff pointed to any specific deficiencies in MDE's general supervisory system besides conclusory statements that the ALJs should be better trained.

Accordingly, the ADA claims fails under the *Georgia* test and is thus barred by the Eleventh Amendment. *Babcock v. Michigan*, 812 F.3d 531, 538 (2016).

As to the PWCDRA claim, again, Plaintiff does not dispute that MDE has not waived sovereign immunity for the state law claims. The Supreme Court is clear that, "nonconsenting states may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). There is no stated exception under Federal Rule of Civil Procedure 42(a) that allows for a claim against the state to proceed in federal court for convenience. Plaintiff's argument is inaccurate and fails.

## Conclusion and Relief Requested

Plaintiff's claims are not ripe and must be dismissed. Plaintiff has failed to state a claim for violations of the IDEA, the ADA, the Rehabilitation Act, money damages under the IDEA, injunctive relief, and declaratory relief. Eleventh Amendment immunity bars Plaintiff's PWDCRA and ADA claims against MDE. Accordingly, MDE respectfully request this Court dismiss Plaintiff's Complaint.

Respectfully submitted,

/s/ *Kathleen A. Halloran*
Kathleen A. Halloran
Attorney for Defendant
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
P76453

Dated: January 8, 2024

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of W.D. Mich. LCivR 7.2(c)(i) because, it contains 1,546 words.  The word count was generated using Microsoft Word 2016.